## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENDEN YARBOROUGH** | **CIVIL ACTION NO:** |
| **VERSUS** | **JUDGE: _____** |
| **BORDELON MARINE, LLC** | **MAGISTRATE: _____** |

---

## COMPLAINT
---

**NOW INTO COURT**, through undersigned counsel, comes **BRENDEN YARBOROUGH**, a person of the full age of majority, domiciled in Iberia Parish, State of Louisiana, who respectfully represents:

1.

Made defendant herein is:

A. **BORDELON MARINE, LLC,** who, upon information and belief, is a domestic limited liability company formed under the laws of the state of Louisiana, with its company headquarters and principal place of business located at 127 East Waguespack Street, Lockport, Louisiana and whose sole officer is Wesley D. Bordelon, Manager, 127 East Waguespack Street, Lockport, Louisiana, which is where the company's officer directs, coordinates, and controls its business operations.

2.

It is alleged, upon information and belief, that defendant, BORDELON MARINE, LLC, was at all material times the owner, owner *pro hac vice,* and/or manager of the *M/V GERRY BORDELON* at issue in the captioned matter.

1

3.

It is further alleged, upon information and belief, that CAPTAIN SCOTT LYONS was at all material times the captain of the *M/V GERRY BORDELON* at issue in the captioned matter and was the supervisor of petitioner, BRENDEN YARBOROUGH.

4.

It is further alleged that defendant, BORDELON MARINE, LLC, was at all material times the Jones Act employer of BRENDEN YARBOROUGH and he was assigned to the *M/V GERRY BORDELON*.

5.

The accident that is the subject of captioned matter occurred on navigable waters of the United States of America pursuant to 46 U.S.C.A. §740.

6.

On or about August 29-30, 2021, petitioner, BRENDEN YARBOROUGH, a Jones Act Seaman, was an employee working in the course and scope of his employment for BORDELON MARINE, LLC when he was injured on multiple occasions as a result of the acts, omissions and instructions of BORDELON MARINE, LLC, CAPTAIN SCOTT LYONS and other employees of BORDELON MARINE, LLC.

7.

By reason and belief, on August 29, 2021, petitioner, BRENDEN YARBOROUGH, was compelled by CAPTAIN SCOTT LYONS to stay abord the *M/V GERRY BORDELON* during the historically devastating Category 4 Hurricane Ida, while the vessel was docked in the Port of Houma.

8.

During the peak of the storm, by reason and belief, petitioner, BRENDEN YARBOROUGH, was instructed by CAPTAIN SCOTT LYONS to retrieve multiple oil drums which had broken loose off ratchet straps on the *M/V GERRY BORDELON* as a result of heavy winds from Hurricane Ida.

9.

While attempting to bring the oil drums onto the deck, petitioner, BRENDEN YARBOROUGH, was struck by one of the loose oil drums on the *M/V GERRY BORDELON*, and pinned him to the cargo located on the vessel, causing severe and permanent injuries to petitioner.

10.

Later that evening, and during the peak of the storm, multiple vessels which had become unmoored struck the M/V GERRY BORDELON, which caused BRENDEN YARBOROUGH to be jolted around on the vessel causing him to sustain further injury.

11.

On August 30, 2021, after advising CAPATIN SCOTT LYONS that BRENDEN YARBOROUGH had sustained injuries retrieving the oil drums and after the multiple allisions from loose vessels, by reason and belief, BRENDON YARBOROUGH was instructed by CAPATIN SCOTT LYONS, while both were onboard the *M/V GERRY BORDELON,* to begin taping windows of employees' vehicles in the parking lot at BORDELON MARINE, LLC in Houma, Louisiana.

12.

After initially taping windows on the employees' vehicles, BRENDEN YARBOROUGH

returned to the vessel to advise CAPTAIN SCOTT LYONS that it was unsafe to continue performing this task as a result of heavy winds and wildlife present in the parking lot-which included wasps, snakes and potentially alligators.

13.

Despite voicing his concerns, and by reason and belief, CAPTAIN SCOTT LYONS insisted that BRENDEN YARBOROUGH return to finish taping the windows of the vehicles in the parking lot.

14.

After attempting to tape up the back windshield of an employee's truck, a swarm of wasps began attacking BRENDEN YARBOROUGH causing him to tumble over the side of the bed of the truck onto the ground.

15

The above-described incident resulted from the fault and/or negligence of defendant, BORDELON MARINE, LLC, and its employees, including CAPATIN SCOTT LYONS, and/or the unseaworthiness of its vessels and crew, in the following non-exclusive particulars:

    A.    In creating and/or allowing unsafe conditions by requiring its employees such as petitioner to work on a vessel during a Category 4 hurricane and resulting in serious personal injury;

    B.    In instructing petitioner to perform dangerous tasks on the deck of the subject vessel during the hurricane;

    C.    By requiring the crew to perform work onboard the vessel during the hurricane and resulted in the dangerous conditions which caused injury to petitioner;

    D.    In instructing petitioner to perform tasks in hazardous situations which resulted in serious personal injury;

E. In disregarding rules and regulations created for the safety of employees and/or contractors of BORDELON MARINE, LLC, while working in the waters on its vessel;

F. In ordering, instructing, and directing work to be performed in unsafe and/or hazardous work conditions;

G. In failing to provide sufficient work equipment so that his job could be performed safely;

H. In allowing its seaman to work in a dangerous environment with inadequate equipment;

I. In otherwise failing to supervise, inspect, and/or monitor its employees;

J. In using improper or ill-equipped vessels and crew for the job;

K. In providing an unseaworthy vessel;

L. In disregarding the rules and regulations created for the safety of employees;

M. In failing to properly train supervisors; and

N. In failing to provide a safe vessel and/or safe transportation.

16.

As a result of the above, petitioner, BRENDEN YARBOROUGH, sustained serious personal injuries that resulted in past and future physical and mental pain and suffering, past and future loss of enjoyment of life, past and future disability, past and future loss of earnings and loss of earning capacity, permanent disfigurement, permanent disability, and have necessitated that he incur medical expenses both past and future, all of which entitles him to recover a sum reasonable in the premises, as well as maintenance and cure.

17.

As a result of his accident occurring on the vessel, petitioner is entitled to recover adequate maintenance and cure benefits. In this instance, the defendant has paid maintenance to petitioner but has failed to pay cure despite being provided ongoing medical records, entitling petitioner to punitive damages. Defendant knew that the petitioner was injured in the service of the ship, and its arbitrary and capricious decision to refuse to heed the duties owed to the petitioner under maritime law entitles petitioner to recover punitive and compensatory damages as well as a reasonable sum for attorney fees and litigation expenses necessitated by the prosecution of this claim.

18.

Alternatively, petitioner asserts all claims for damages and allegations of negligence listed above under Louisiana state law, 33 U.S.C. §905(b), *et seq.* and any other applicable state or federal law, including general maritime law.

19.

Petitioner, BRENDEN YARBOROUGH, prays for any and all punitive damages available under state, federal, and/or maritime law in this matter for the wanton and reckless disregard for the safety of others by BORDELON MARINE, LLC.

WHEREFORE, petitioner, BRENDEN YARBOROUGH, prays that a certified copy of this Complaint be served upon defendant, BORDELON MARINE, LLC, and that after due proceedings are had there be judgment herein in favor of petitioner, BRENDEN YARBOROUGH, and against defendant, BORDELON MARINE, LLC, in a sum reasonable in the premises together with legal interest from the date of this incident until paid and for all costs of these proceedings.

Respectfully submitted,

BROUSSARD & DAVID, LLC

*/s/ J. Derek Aswell*

_____
J. Derek Aswell (Bar Roll # 32324)
Blake R. David (Bar Roll # 27427)
557 Jefferson Street
Lafayette, Louisiana 70501
(337) 233-2323 - Telephone
(337) 233-2353 – Fax
*derek@broussard-david.com*
*blake@broussard-david.com*

**ATTORNEYS FOR BRENDEN YARBOROUGH**