UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRENDEN YARBOROUGH | * | CIVIL ACTION NO. 22-cv-02011 |
| | * | |
| VERSUS | * | SECTION L |
| | * | JUDGE ELDON E. FALLON |
| BORDELON MARINE, LLC | * | |
| | * | MAGISTRATE 5 |
| | * | MAG. JUDGE MICHAEL B. NORTH |

*************************************************************************

# ORDER AND REASONS

The Court has before it Plaintiff Brenden Yarborough's Motion for Sanctions. R. Doc. 37. Defendant Bordelon Marine, LLC has responded in opposition. R. Doc. 40. Having considered the briefing, exhibits, and the applicable law, the Court rules as follows.

## I. BACKGROUND

This suit arises out of occupational injuries allegedly sustained by Plaintiff Brenden Yarborough, a Jones Act seaman. R. Doc. 1. Plaintiff allegedly was employed by Defendant Bordelon Marine, LLC as a crewmember aboard the M/V Gerry Bordelon, an offshore vessel. *Id.* Plaintiff alleges that, at all relevant times, Bordelon owned, operated, and controlled the M/V Gerry Bordelon. *Id.* at 1.

On August 29, 2021, Plaintiff alleges that he was compelled to stay on the vessel, docked at Port Houma, while Hurricane Ida hit Louisiana. Plaintiff alleges that, during the peak of the storm, Captain Scott Lyons instructed him to retrieve multiple oil drums that had broken loose from the vessel due to the hurricane winds. While doing so, he was struck by one of the loose oil drums and pinned to the cargo on the vessel. *Id.* at 3. Plaintiff further alleges that, later in the

evening, multiple vessels that came unmoored during the storm struck the M/V Gerry Bordelon, and Plaintiff was "jolted around on the vessel," causing further injury. *Id.* Then, Plaintiff alleges, on August 30, 2021, even after he told Captain Scott Lyons of his injuries, Lyons instructed him to leave the vessel and tape employees' car windows in the parking lot of Bordelon Marine in Houma. *Id.* Plaintiff alleges that he started to do so, then returned to the vessel to tell Lyons it was unsafe to continue because there were wasps, snakes, and "potentially alligators" in the parking lot. *Id.* at 4. But Lyons told him to go back to the parking lot, and while he was taping the back window of a truck wasps attacked him, causing him to fall off the truck. *Id.* Plaintiff alleges that he sustained serious and permanent injuries that have resulted in past and future physical and mental pain and suffering, loss of enjoyment of life, and past and future disability, among other harms. *Id.* at 5.

As a result of this incident, Plaintiff brought suit against Bordelon, asserting the following claims: (1) negligence under the Jones Act for, *inter alia*, "creating and/or allowing unsafe conditions by requiring its employees such as petitioner to work on a vessel during a Category 4 hurricane and resulting in serious personal injury;" (2) unseaworthiness under general maritime law; and (3) maintenance and cure. *Id*. at 4-7. Plaintiff also asserts a claim for negligence under Louisiana state law, 33 U.S.C. §905(b), *et seq. Id.* at 6. Plaintiff seeks to recover cure benefits, punitive and compensatory damages, and attorney's fees. *Id.*

Bordelon generally denies liability and asserts affirmative defenses, including, (1) failure to state a claim; (2) improper service; and (3) claims are time barred. R. Doc. 6. Additionally, Defendant asserts limitation of liability. *Id.* at 5.

## II. PRESENT MOTION

Plaintiff now moves this Court to sanction Bordelon. The genesis of this motion occurred during a pretrial deposition of Plaintiff. Plaintiff alleges that during his deposition, taken on March 1, 2023, counsel for Defendant showed him multiple still images from a video of himself onboard the M/V GERRY BORDELON during the time at issue in this suit which contradict Plaintiff's account of the events. Plaintiff says that Defendant had withheld these images and the video from which they were taken despite earlier discovery requests in which Plaintiff asked for "any and all photographs . . . connected with the area of the occurrence and the facts of the incident complained of herein."

Plaintiff has filed a Motion for Sanctions against Defendant and its counsel for its failure "to identify and disclose discoverable substantive evidence for the sole purpose of gaining an advantage in in this litigation." Plaintiff argues that Bordelon violated Federal Rule of Civil Procedure 26 because it did not produce the video of Plaintiff on board the M/V GERRY BORDELON until the deposition. Plaintiff asks that the Court "preclude the use of testimony from plaintiff's March 1, 2023 deposition" as evidence on a motion, deposition, hearing, or at a trial, citing *Chiasson v. Zapata Gulf Marine Co.*. 988 F.2d 513 (5th Cir. 1993), *reh'g denied* 3 F.3d 123 (5th Cir. 1993) *cert. denied*, 128 LEd. 2d 189, 114 S. Ct. 1536 (1994). R. Doc. 37-2 at 14. Defendant opposes the motion, arguing that, under *Chiasson*, it was required to produce the video prior to trial, but that it did not violate any rule by producing it at the Plaintiff's deposition rather than beforehand.

## III. DISCUSSION

Rule 26(a)(l)(A)(ii) requires a party "without awaiting a discovery request, [to] provide to the other parties . . . a copy-or a description by category and location-of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, *unless the use would be solely for impeachment*." (emphasis added). "Substantive evidence[, which must be disclosed under Rule 26,] is that which is offered to establish the truth of a matter to be determined by the trier of fact." *Chiasson*, 988 F.2d at 517. "Impeachment evidence, on the other hand, is that which is offered to 'discredit a witness ... to reduce the effectiveness of [her] testimony by bringing forth evidence which explains why the jury should not put faith in [her] or [her] testimony.'" *Olivarez v. Geo Grp., Inc.*, 844 F.3d 200, 204 (5th Cir. 2016).

Here, Plaintiff argues that the video constitutes substantive evidence, and thus that Defendant violated Rule 26 by failing to disclose it prior to taking his deposition. On the other hand, Defendant asserts that this evidence falls into the impeachment exception to Rule 26(a)(l)(A)(ii), and that under Fifth Circuit precedent it need not have disclosed the video prior to Plaintiff's deposition.

In *Chiasson*, a district court had allowed the defendant to use at trial a surveillance video depicting the plaintiff engaged in various activities, which the defendant argued impeached plaintiff's claims of ongoing pain and injury, even though that video had not been disclosed before trial. 988 F.2d at 517. The Fifth Circuit found that the video constituted substantive evidence of the severity of plaintiff's pain as well as impeachment evidence, and thus held that the district court had committed reversible error by allowing its use at trial without proper disclosure under Rule 26. Here, Plaintiff points to *Chiasson* to argue that the video in question

also constitutes substantive evidence, and thus that Defendant should be sanctioned for failing to produce it prior to Plaintiff's deposition.

Defendant asserts that it offers the challenged video solely as impeachment evidence, and thus need not have disclosed it under Rule 26. But, following the logic of *Chiasson*, the proffered video does not solely discredit Plaintiff by making him appear less trustworthy, but also constitutes substantive evidence of what was occurring on the M/V GERRY BORDELON at the time of Plaintiff's alleged accident. Accordingly, under *Chiasson*, if Defendant had failed to produce the surveillance video before trial, it would be error for this Court to allow it to use that evidence at trial.

However, *Chaisson* makes it clear only that where impeachment evidence is at least in part also substantial evidence, it must be disclosed before trial. The court in *Chiasson* didn't speak to *when* prior to trial this evidence must be disclosed. The Fifth Circuit clarified this point in *Baker v. Canadian Nat'l/Illinois Cent. R.R.*, explaining that *Chiasson* did not hold that a surveillance tape disclosed after the discovery cutoff, but before trial, is automatically inadmissible. 536 F.3d 357, 368–69 (5th Cir. 2008). In *Baker*, the challenged videos were produced as part of supplemental responses to interrogatories approximately nine or ten months before trial. *Id.* The *Baker* court found that the footage had thus been adequately disclosed, and the district court did not err by allowing its introduction at trial. *Id.* At which point during the discovery process prior to trial such evidence should be produced—either before or after the plaintiff's deposition— is generally left to the discretion of the trial judge. *See, e.g.*, Campbell v. Chet Morrison Contractors, LLC, 2012 WL 3028079, at *7 (W.D. La. July 24, 2012), *aff'd sub nom. Campbell v. Chet Morrison Contractors, L.L.C.*, 532 F. App'x 589 (5th Cir. 2013) (rejecting admission of surveillance video when it was disclosed only one month before trial as inequitable); *Smith v.*

*Baywater Drilling*, LLC, No. CV 14-643, 2016 WL 6276778, at *2 (E.D. La. Oct. 27, 2016) (granting motion to exclude surveillance video which as disclosed after the close of discovery and less than one month before trial); *Thomas v. Chambers*, No. CV 18-4373, 2019 WL 1989236, at *7 (E.D. La. May 6, 2019) (declining to exclude surveillance video that was disclosed three weeks prior to the discovery deadline).

Here, Defendant produced the challenged video at Plaintiff's deposition, well prior to the discovery cut-off, and approximately five months prior to the scheduled trial date. Under *Baker* and *Chiasson*, it is within the Court's discretion to hold that this disclosure was adequate. Accordingly, the Court finds no violation of Rule 26, and therefore no basis to impose sanctions upon Defendant.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions, R. Doc. 37, is **DENIED**.

New Orleans, Louisiana, this 12th day of May, 2023.

_____
United States District Judge